**PHILADELPHIA SAVING FUND SOCIETY**

v.

**Don Cornell STEWART and Katherine Stewart.**

**Civ. A. No. 81–889.**

United States District Court, E. D. Pennsylvania.

May 4, 1981.

Rush T. Haines II, Philadelphia, Pa., for plaintiff.

Mitchell W. Miller, Philadelphia, Pa., for defendants.

MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

Don Cornell Stewart and Katherine Stewart (Debtors) have taken this appeal from the order of the Bankruptcy Judge, 7

terest taken under the first loan did not continue in the second.

**26.** Supra note 2.

**27.** Id. at 224.

B.R. 921 granting Philadelphia Saving Fund Society (PSFS) relief from the automatic stay and permitting PSFS to proceed with foreclosure against the residence of the Stewarts.

The Bankruptcy Judge made the following findings of fact. On February 3, 1978, the debtors entered into a mortgage agreement with PSFS by which they became indebted to PSFS in the principal sum of $14,200.00, which mortgage was properly recorded on February 10, 1978. From that time until October 1979, the debtors had an extremely poor payment record on the mortgage, and on October 22, 1979, the debtors filed a joint petition for relief under Chapter 13 of the Bankruptcy Code (Code). On October 24, 1979 the debtors were ordered to immediately commence payments to the trustee under their proposed plan. On November 19, 1979 the Bankruptcy Judge entered an order directing the employer of the husband-debtor to begin deducting $69.23 from his weekly paycheck, and to remit the money to the Chapter 13 standing trustee. The debtors' plan was confirmed by the Bankruptcy Judge on April 24, 1980. From the beginning of January 1980 until the end of July 1980, the employer of the husband-debtor deducted the sum of $69.23 weekly from his paycheck and remitted that sum to the trustee. The husband-debtor became unemployed from the end of July 1980 until November 1980. After husband-debtor obtained a new job, the Bankruptcy Judge entered an order on November 17, 1980 directing the new employer to begin deducting $69.23 weekly from husband-debtor's paycheck, and to remit that sum to the trustee.

PSFS filed a complaint for relief from the automatic stay requesting that the Bankruptcy Judge modify the stay to permit PSFS to proceed to foreclose against the debtors' residence. PSFS and the debtors stipulated that the fair market value of the debtors' residence is $15,000.00. The Bankruptcy Judge determined that the total amount due on the mortgage as of the date of the hearing on the complaint was $16,878.49. The Bankruptcy Judge concluded that the interest of PSFS in the debtors' residence is not adequately protected because there is no equity in the property, and because the debtors' plan cannot provide full payment of the arrearages within a reasonable time. At p. 923. The Bankruptcy Judge found that at the rate debtors' plan proposed to pay PSFS, debtors would have required three years and four months to bring the mortgage current, a period longer than that allowed under Section 1322(c).[1] The Bankruptcy Judge granted PSFS relief from the automatic stay, and modified the automatic stay to permit PSFS to proceed with foreclosure against the residence of the debtors. For the reasons which follow, we remand with directions to receive additional testimony or evidence, and to continue the stay.

Upon an appeal, the District Court may affirm, modify, or reverse the Bankruptcy Judge's judgment or order, or remand with instructions for further proceedings. The court shall accept the Bankruptcy Judge's findings of fact unless they are clearly erroneous. 11 U.S.C., Rule 810.

We do not agree with the conclusion of the Bankruptcy Judge that PSFS' interest in the debtors' residence is not adequately protected because the debtors' plan cannot provide full repayment of the arrearages within a reasonable time. The judge cited 11 U.S.C. § 1322(b)(5) which provides for the curing of any default with a reasonable time. As the judge set forth on page 923 of his opinion, it would take at least three years and four months to repay all arrearages due PSFS. That time frame is not unreasonable when read in the light of 11 U.S.C. § 1322(c), infra. Although the judge categorically states "we do not believe that we should penalize an honest and willing debtor, who has done all that is required of him under the Code, for delays which were not caused by him," at page

---

1. 11 U.S.C. § 1322(c) provides:

The plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years.

923, the judge does appear to penalize the debtors because their repayment plan will take three years and four months, rather than the three years minimum provision set forth in 11 U.S.C. § 1322(c).

 We further disagree with the Bankruptcy Judge's finding that there is no equity cushion in the property to provide adequate protection to PSFS. At page 922. The parties stipulated that the value of the property is $15,000.00. The mortgage balance is $14,000.00. There are also other charges claimed by PSFS such as interest, late charges, attorneys fees and escrow deficit. The judge in his Opinion at page 4 states that the total amount due on the mortgage as of the hearing on PSFS' complaint was $16,878.49. However, the balance due on the mortgage is $14,000.00, as set forth on page 2 of Appellee's brief. Thus, the sum of $2,878.49 has been added as other charges. What are these charges? They are not itemized and thus we are not able to review them. The debtors argue that the charges are incorrect, and that the arrearages and total balance must be reduced. Debtors argue that the interest and late charges which accrued during the period of time the trustee delayed in making disbursement to PSFS should be deducted. Debtors further argue that PSFS improperly charged debtors' account with counsel fees, and that amount should be deducted from the total balance.

For the reasons stated above we remand this case to the Bankruptcy Court to receive testimony or evidence concerning the added charges of PSFS in regard to attorneys fees, interest, and accrued late charges to determine whether the charges are proper. If they are not, they are to be deducted from the total balance found to be due PSFS.

Debtors have made a further argument that the Bankruptcy Judge erred as a matter of law in giving PSFS relief from the automatic stay after confirmation had been ordered. Since we have ordered this case remanded on other grounds, we shall not address this issue.